Wood & another *v.* Gamble & another.

——

Ross W. Wood & another *vs.* Clarke Gamble & another.

A judgment recovered in Canada, but in no part satisfied, is no defence to a suit commenced here on the same cause of action, before the foreign action was instituted.

Assumpsit upon two promissory notes made in Toronto, Canada West, where the defendants resided, to the plaintiffs, residents of New York. The suit was commenced November 22, 1849, and the only defence was, that after the commencement of this action the same plaintiffs commenced another suit against the same defendants, on the same notes, and recovered judgment thereon, in the court of Queen's Bench, in York County, Canada West, which judgment had not, however, been paid or in any way satisfied. The parties agreed that if such judgment was a defence to this suit, the plaintiffs should become nonsuit; otherwise judgment to be entered for the amount of the notes and interest.

*H. Jewell*, for the plaintiffs.

*C. P. Curtis, Jr.* for the defendants.

DEWEY, J.   At the time of the institution of this suit the plaintiffs had a good cause of action.   The only ground of defence is that the plaintiffs have by their subsequent acts in instituting suits in the court of Queen's Bench in Canada, and entering up judgment thereon, abated their suits here.   The counsel for the plaintiffs has fully presented the cases bearing on the question of merger of a simple contract by force of a foreign judgment.   These cases have generally arisen in suits instituted after the judgment was obtained.   The English doctrine seems formerly to have been that such foreign judgments did not merge the original cause of action; latterly, and especially in reference to the English colonial courts, they seem to have been treated as conclusive as domestic judgments.   In our own court a strictly foreign judgment, as distinguished from the judgment of a court of a sister state, is treated as not conclusive, but as only *primâ facie* evidence.   But the present case is not an action, brought upon a foreign judgment, or after such judgment had been recovered.   This is the primary suit brought upon the original contract, and prior to the suit which is here set up in defence.   The causes of action are certain promissory notes of hand.   The only ground of defence is that of an abatement of the action by the proceedings subsequently instituted in the court in Canada.

Does such judgment in the second action have the effect to bar the plaintiff from further maintaining his action here ? The case is one of a mere judgment in the subsequent suit without satisfaction.   Had the same been paid to the plaintiffs, their receipt thereof would of course operate to defeat the present action, for payment would discharge the notes. But a mere foreign judgment, without satisfaction, has no such effect.   Whether the pendency of the present action might have been successfully pleaded in abatement to the suit in the Queen's Bench in Canada, where the second action was brought, would be for that court to decide.   However that may be, such second suit was no bar to the present, which had been previously commenced.   Judgment may

properly be entered here. This will not entitle the plaintiff to receive payment or satisfaction of both judgments. The payment of either will furnish a ground for an *audita querela,* or other proper process to stay all further proceedings in the other.

The case of two judgments on the same note is not without precedent. It is so in the case of joint and several promisors when they are sued severally. So also in the case of a maker and indorser of such note. They only authorize the creditor to enforce one payment of the demand. Until the debt is paid by some one, the creditor may enforce all his remedies and obtain judgment thereon.

*Judgment for the plaintiffs.*